Mary Frances Taylor v. Ealer.

No. 2678.—MARY FRANCES TAYLOR et al. *v.* HENRY A. EALER.

The mortgage allowed by law, prior to the adoption of the constitution of 1868, on the property
of tutors to secure the minor against an improper disposition of his estate during minority,
can only be preserved by the registry of the bond of the tutor in the mortgage office, or by
the registry of an abstract of the inventory, certified to by the clerk of the court of the
parish where the succession is opened. This record must have been made prior to the first
of January, 1870. Article 123 constitution of 1858; act of eighth of March, 1869, sections 10
and 11.

The institution of suit on the tacit mortgage prior to the first of January, 1870, does not
dispense with the inscription required by the act of 1869. The legal mortgage can only be
preserved on the property of the tutor by registry in the mortgage office in the manner and
in accordance with the forms prescribed by the act of March 8, 1869, sec. 10 and 11.

APPEAL from Fifth District Court, parish of East Feliciana. *Posey, J.
Dupree & Wedge,* for plaintiff and appellant. *Kernan & Lyons,*
for defendant and appellee.

LUDELING, C. J. The plaintiff is proceeding against a third
possessor to enforce a tacit mortgage against certain immovable
property, formerly belonging to her mother and tutrix.

The claim is evidenced by a judgment of twenty-six thousand eight
hundred and sixty-three dollars and fifty cents, obtained by Mrs.
Taylor against her mother and tutrix, in the Second District Court of the
parish of Orleans, on August 12, 1869. The judgment was recorded in
the general mortgage book for the parish of East Feliciana, on the
twenty-second of September, 1869.

This suit was filed on the eleventh of October, 1869. On the first
day of February, 1870, the defendant filed an exception, alleging that
the tacit mortgage (if any ever existed) had not been duly recorded
prior to the first of January, 1870; that it had ceased to have effect as
to the defendant, and praying for the dismissal of the action.

The exception was sustained. The plaintiff has appealed.

The only effort made to register the alleged tacit mortgage,
was the recordation of the judgment obtained in the Second District
Court of the parish of Orleans, above mentioned.

Was this sufficient to preserve the tacit mortgage against the
property of the defendant?

The plaintiff contends that it is a substantial compliance with the
requirements of the act of eighth of March, 1869.

The defendant, on the other hand, insists that the act of eighth of
March, 1869, provides only two modes of registering a minor's
mortgage against his tutor, by the registry of the bond, when the
tutor is required to give one; and by the registry of a certificate or
abstract, by the clerk of the district court of the amount of the
property of the minor, according to the inventory on file in his office.
Sections 2 and 11.

It is clear that the plaintiff has not caused to be recorded the tacit
mortgage in the manner pointed out in sections ten or eleven of the act
of 1869. It is not necessary, in this case, to decide whether or not the

recording of a judgment, which recognizes a tacit mortgage, and fixes the amount and date thereof, would be a compliance with the requirements of the constitution and of the acts of 1869, because the judgment recorded in this case is not such a judgment; it does not mention the date of the mortgage; it is in the words following: "It is, therefore, ordered and decreed that the plaintiff, Mrs. Mary Frances Taylor, wife of Frank Wheaton, do recover from Mrs. Louisa Jane Nolan, as her natural tutrix, with privilege and mortgage resulting from said tutorship, the sum of twenty-six thousand eight hundred and sixty-three dollars and fifty cents, the said sum having been received by the tutrix for account of the plaintiff, with legal interest from judicial demand, and costs." It is manifest that the registry of this judgment did not inform the public at what period the tacit mortgage attached to the property of the tutrix. The plaintiff refers to the case of Drake v. Drake, 7 An. 546, to support the position that the amount of the mortgage having been fixed by the payment, the date can be ascertained *aliunde*.

The case of Drake v. Drake, simply announces that the minor's right to a legal mortgage having been recognized, the date thereof was established by law. There was no question of registry in that case, for it was not essential then to record the minor's legal mortgages. C. C. 3333. In Ford v. Ford, 7 An. 535, the same court said: "We are not aware that we have ever sustained an inscription which was not in itself complete; and we fear that if we should depart from a reasonable exactness in such matters, and permit defective inscriptions to be eked out by evidence *aliunde*, the salutary law of registry would soon lapse into uncertainty and confusion." 4 R. 7; 2 An. 112, 610; 21 An. 204. So far as third persons are concerned the inscription is, in fact, the mortgage. C. C. 3314. Constitution of 1868, art. 123.

By the operation of the constitution and the act of 1869, the tacit mortgage may be preserved, if recorded, before the first day of January, 1870, in the manner directed by the law. A failure to inscribe it is fatal. The inscription was within the power of the plaintiff, whose interest it was to make it; and she has no just ground of complaint, if, through negligence or ignorance, she has failed to preserve a preference conferred on her by law, in derogation of common right.

The institution of this suit before 1870 did not dispense with the inscription required by law. Hyde v. Bennett, et al., 2 An. 799; 520, 100; 6 An. 321; 16 An. 280.

We think the exception was properly sustained.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.

Rehearing refused.